UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KABINGA KWAMBANA,
      Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.

Case No. 1:16-cv-572

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on the petition and respondent's return of writ, (Doc. 7).

For the reasons stated below, the undersigned recommends that the petition be denied on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

## I. PROCEDURAL HISTORY

On April 17, 2013, the Clermont County, Ohio, grand jury returned a five-count indictment charging petitioner with one count of aggravated robbery and four counts of kidnapping, with all counts including a firearm specification. (Doc. 6, Ex. 1). On October 15, 2013, petitioner withdrew his initial not-guilty plea and entered a negotiated plea of guilty to the four counts of kidnapping. (Doc. 6, Ex. 2). On November 15, 2013, petitioner was sentenced to a total aggregate prison sentence of 32 years in the Ohio Department of Corrections. (Doc. 6, Ex. 4).

### Direct Appeal

Through the same counsel, petitioner filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 5). Petitioner raised the following single assignment of error in his

appellate brief:

> THE TRIAL COURT ERRED IN FAILING TO MERGE THE FOUR COUNTS OF KIDNAPPING.
>
> Issue presented for review and argument:
> When a defendant affects multiple victims through a single course of conduct, merger is required under Ohio law.

(Doc. 6, Ex. 6 at PageID 133). The Ohio appeals court affirmed the judgment of the trial court on June 16, 2014. (Doc. 6, Ex. 9).

On June 26, 2014, petitioner, again through counsel, filed a motion to certify a conflict, which was denied by the Ohio Court of Appeals on August 6, 2014. (Doc. 6, Ex. 9, 13).

## Ohio Supreme Court

Meanwhile, on July 31, 2014, petitioner filed a timely notice of appeal to the Ohio Supreme Court. (Doc. 6, Ex. 14). Through the same counsel, petitioner raised the following proposition of law in his memorandum in support of jurisdiction:

> When a defendant affects multiple victims through a single course of conduct, merger is required under Ohio law.

(Doc. 6, Ex. 15 at PageID 187). On November 19, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 6, Ex. 18).

## United States Supreme Court

On February 11, 2016, petitioner submitted a petition for a writ of certiorari to the United States Supreme Court. (*See* Doc. 3 at PageID 51). The petition was returned to him on February 23, 2016, with a letter indicating that the petition was due on or before February 17, 2015. (*Id.*).

2

**Federal Habeas Corpus**

On May 18, 2016, petitioner filed the instant federal habeas corpus petition.[1]  Petitioner asserts the following two grounds for relief in the petition:

> **Ground One**: The federal law that dictates against "double jeopardy." There happened to be four "coincidental" employees when I decided to enter a restaurant on the 13th of April, 2013.  But my main & only objective was the manager's safe.  Therefore, and unfortunately, restraint of the restaurant employees was inevitable.  They were employees that I had never seen in my life & therefore I couldn't target them personally.
>
> **Ground Two**: There was no motive for me to kidnap these restaurant employees, other than that of "robbing the restaurant." I could not have robbed the restaurant without limiting the employee's mobility.  It is not possible to rob, without incurring a kidnapping(s).  The total duration of the robbery lasted under 8 minutes.  The employees were restrained in the common room area of the restaurant.

(Doc. 3 at PageID 40, 42).

Respondent has filed a return of writ in response to the petition.  (Doc. 7).  Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d).  (*See id.*).

Although petitioner was granted an extension of time until September 16, 2016 to file a response to the return of writ, petitioner has not submitted a response to the Court.[2]  (*See* Doc.

---

[1] The petition was filed with the Court on May 23, 2016.  (*See* Doc. 1, Petition).  Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on May 18, 2016.  (*See* Doc. 3 at PageID 50).  Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on May 18, 2016.

[2] Petitioner has filed two motions to stay this action based on a motion to withdraw his guilty plea, filed in the state

3

5).

## II.  THE PETITION SHOULD BE DENIED BECAUSE IT IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief.  Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case.  Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred at or prior to sentencing.  Since petitioner was aware of the facts underlying his claims

---

courts.  (Doc. 4, 8).  In light of the undersigned's recommendation that the petition is time-barred and should be denied, petitioner's motions have been denied as moot by separate order.

by the close of the direct review, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on February 17, 2015, upon expiration of the 90-day period for filing an appeal to the United States Supreme Court from the Ohio Supreme Court's November 19, 2014 entry declining jurisdiction over his appeal. *See Gonzalez v. Thaler,* __ U.S. __, 132 S.Ct. 641, 653–54 (2012) (holding as suggested in *Clay v. United States*, 537 U.S. 522, 527, 529 (2003) and *Jimenez v. Quarterman*, 555 U.S. 113, 119–21 (2009), that "conclusion of direct review" under § 2244(d)(1)(A) occurs when (1) the Supreme Court "affirms a conviction on the merits or denies a petition for certiorari" or (2) "the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). The statute commenced running on February 18, 2015, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on February 18, 2016, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock

5

that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, petitioner did not take any action during the one-year limitations period to challenge his conviction and sentence. Therefore, statutory tolling principles do not apply to extend the limitations period beyond February 18, 2016.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in

6

determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. Petitioner claims that the untimeliness of the petition stems from a misunderstanding regarding a letter he received from his attorney. The July 10, 2015 letter—which petitioner includes as an attachment to the petition—states that "the one-year statute of limitation does not begin to run until the time for filing a certiorari petition with the United States Supreme Court expires, which in your case was February 17, 2015. Thus, you have until February 17, 2016, in which to file a habeas petition." (Doc. 1 at PageID 53). Petitioner claims that he assumed that a writ of certiorari should be filed prior to filing his federal habeas corpus petition, and "made sure to send [the petition for a writ of certiorari] to Washington, to the United States Supreme Court, before the 17th of February, 2016." (*Id.* at PageID 49).

Although petitioner may have misunderstood the applicable rules and limitations periods for filing his petition for a writ of certiorari and habeas corpus petition, it is well-settled in the Sixth Circuit that petitioner's pro se status or lack of legal knowledge are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.

7

2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or along do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014). Therefore, petitioner's pro se status and misunderstanding of the applicable law is insufficient to warrant equitable tolling in this case.

Even if the Court could find that petitioner's misunderstanding of his attorney's letter somehow amounted to an extraordinary circumstance that prevented him from timely filing his habeas corpus petition, petitioner has not demonstrated that he was diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 456 days to file his habeas petition after his conviction and sentence became

final on February 17, 2015. Furthermore, petitioner waited more than a year to file his untimely petition for a writ of certiorari in the United States Supreme Court following the Ohio Supreme Court's November 19, 2014 entry declining jurisdiction over his appeal. As argued by respondent, had petitioner been diligent in pursuing his rights he would have not waited more than a year to take any action to enforce his rights. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Accordingly, petitioner has not demonstrated that an extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, the petition for a writ of habeas (Doc. 3) corpus should be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to any of petitioner's time-barred claims because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling that such claims are subject to dismissal on statute of limitations grounds.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KABINGA KWAMBANA,<br>    Petitioner, | Case No. 1:16-cv-572 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).